OPINION *Page 2 
{¶ 1} On March 9, 2007, the Licking County Grand Jury indicted appellant, Dana Cashdollar, on two counts of aggravated arson in violation of R.C. 2909.02 and one count of felony vandalism in violation of R.C. 2909.05.
 {¶ 2} On September 19, 2007, appellant pled guilty to the charges. By judgment entry filed October 24, 2007, the trial court sentenced appellant to an aggregate term of ten years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT DANA R. CASHDOLLAR (CASHDOLLAR)."
 I {¶ 5} Appellant claims the trial court erred in imposing consecutive sentences. We disagree.
 {¶ 6} In State v. Mooney, Stark App. No. 2005CA00304, 2006-Ohio-6014, ¶ 63, this court held the following:
 {¶ 7} "[W]e conclude that post-Foster [State v. Foster,109 Ohio St.3d 1], this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate *Page 3 
court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621."[1]
 {¶ 8} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 9} By judgment entry filed October 24, 2007, the trial court sentenced appellant to five years on the first degree aggravated arson count, four years on the second degree aggravated arson count, and one year on the felony vandalism count, all to be served consecutively for a total of ten years. Appellant argues "consecutive sentencing was improper because it is more punishment than is required given the criminal conduct in issue." Appellant's Brief at 4.
 {¶ 10} Appellant pled guilty to the charges. The Bill of Particulars filed March 26, 2007, indicates appellant used an accelerant to set fire to a home, an occupied structure. The damage to the residence was in excess of $100,000. The fire created a substantial risk of serious physical harm to the firefighters and others.
 {¶ 11} After accepting appellant's pleas of guilty, the trial court ordered a pre-sentence investigation report. See, Judgment Entry filed September 19, 2007. During the sentencing hearing, the trial court permitted defense counsel to make an argument for mitigation of appellant's sentence. October 24, 2007 T. at 4-5. The trial court also permitted appellant to speak. Id. at 5-6. Appellant asked for leniency, and apologized to the firefighter that got injured and to the family members of the house he had set on *Page 4 
fire. Id. at 5. In addition, the owner of the house, Marilyn Curtis, addressed the trial court concerning sentencing. Id. at 6-9. Ms. Curtis stated her life was turned upside down, and she was afraid for her safety and the safety of her family. Id. at 6, 8. The trial court specifically stated both on the record and in its sentencing entry that it had considered the purposes and principles of sentencing under R.C. Section 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. Id. at 10. The trial court noted appellant was wearing a red jumpsuit indicating disciplinary problems. Id. Appellant acknowledged he had three instances of disciplinary conduct. Id. at 11. The trial court also noted appellant had a "long history of being arrested and in trouble starting as a juvenile" which "demonstrates your inability to learn anything from your having been through the justice system before." Id.
 {¶ 12} "In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor." Mooney, at ¶ 68.
 {¶ 13} Based on the transcript of the sentencing hearing and the subsequent judgment entry, we cannot find the trial court abused its discretion in sentencing appellant to consecutive sentences.
 {¶ 14} The sole assignment of error is denied. *Page 5 
 {¶ 15} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] This writer notes the Mooney case, authored by the Honorable W. Scott Gwin, contains a thorough examination and analysis of consecutive sentencing before and after Foster. See also, State v. Firouzmandi, Licking App. No 2006-CA-41, 2006-Ohio-5823. *Page 1